IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Wanda Gavin, ) | Case No.: 7:16-cv-02082-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Bank of America N.A., Hutchens Law Firm, ) | |
| John B. Kelchner, John S. Kay, Ashley Z. ) | |
| Stanley, U.S. Bank Trust N.A., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a motion to dismiss filed by Defendants Hutchens Law Firm, John S. Kay, John B. Kelchner, and Ashley Z. Stanley (collectively, the "HLF Defendants") [Doc. 15]; a motion to dismiss filed by Defendants Bank of America N.A. ("BANA") and U.S. Bank Trust N.A. ("U.S. Bank Trust") (collectively, the "Bank Defendants") [Doc. 26]; and a motion to amend the Complaint filed by Plaintiff [Doc. 33]. Plaintiff alleges claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the South Carolina Consumer Protection Code ("SCCPC"), § 37-5-108. [Doc. 1.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., this magistrate judge is authorized to review all pretrial matters in this case and to submit findings and recommendations to the District Court.

Plaintiff, proceeding pro se, filed the above-captioned action on June 20, 2016. [Doc. 1.] On August 16, 2016, the HLF Defendants filed a motion to dismiss. [Doc. 15.] On August 29, 2016, the Bank Defendants filed a motion to dismiss. [Doc. 26.] Plaintiff filed responses in opposition to these motions on September 19, 2016. [Docs. 30, 31.] On that same day, Plaintiff filed a motion to amend her Complaint. [Doc. 33.] On September 28,

2016, the Bank Defendants filed a reply to Plaintiff's response to the motion to dismiss [Doc. 36] and a response to Plaintiff's motion to amend [Doc. 35]. On September 29, 2016, the HLF Defendants filed a reply to Plaintiff's response to the motion to dismiss [Doc. 36] and a response to Plaintiff's motion to amend [Doc. 37]. Plaintiff filed replies to the responses to her motion to amend on October 13 and 18, 2016. [Docs. 39, 40.] Consequently, the motions are ripe for review.

## BACKGROUND[1]

Plaintiff alleges that Defendants have repeatedly harassed her in attempts to collect a debt she does not owe. [Doc. 1 ¶ 4.] Plaintiff contends that Defendants violated the FDCPA §§ 1692d and 1692e, and the SCCPC § 37-5-108, by filing a foreclosure complaint against her on August 13, 2015, and then mailing her the following related documents:

- August 17, 2015, foreclosure complaint;
- October 28, 2015, package;
- January 6, 2016, documents;
- April 28, 2016, substitution notice;
- May 23, 2016, interrogatories, productions, admissions; and
- May 28, 2016, settlement letter.

[*Id.* ¶¶ 19–26.] Each of these documents included language stating, "This is a communication from a Debt Collector. The purpose of this communication is to collect a debt and any information obtained will be used for that purpose." [*Id.*] Plaintiff argues that she does not have any loan agreements with, or contractual obligation to, any of the Defendants. [*Id.* ¶ 26.]

---

[1] The facts included in this background section are taken directly from Plaintiff's Complaint. [Doc. 1.]

2

**APPLICABLE LAW**

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe her pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim should be dismissed if it fails to state a claim upon which relief can be granted. When considering a motion to dismiss, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as

exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts

consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

This dispute involves the foreclosure of a mortgage loan that encumbers real property at 300 Marion Avenue, Gaffney, South Carolina, 29431 (the "Property"). [Docs. 1, 1-1.] There is no dispute that Plaintiff's mother, Millie Lucille Holmes ("Holmes"), was the sole obligor on the note and mortgage of the Property, and that Plaintiff is not the maker of the note for the mortgage loan, nor is she a mortgagor. [Docs. 1 ¶ 26; 15 at 2; 26-1 at 2.] The HLF Defendants currently represent the Bank Defendants in the foreclosure action on the Property in the Court of Common Pleas for Cherokee County, South Carolina, Case Number 2015-CP-11-0584.[2] [Doc. 15 at 1, 13–18.] Plaintiff was named as a defendant in

---

[2]In reviewing a 12(b)(6) dismissal motion, a court may "properly take judicial notice of matters of public record" without converting the dismissal motion into one for summary judgment. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Court filings are public records of which a federal court may take judicial notice. *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006). Accordingly, even if not explicitly referenced in the Complaint, the Court will take judicial notice of certain documents filed in the state foreclosure action. The Court takes judicial notice that the only relief sought in the foreclosure action was for a judgment of foreclosure and BANA specifically waived its rights to a deficiency judgment. [*See* Doc. 15 at 13.] Further, the Court takes judicial notice that BANA initially brought the foreclosure action on July 27, 2015; however by state court

the state court mortgage foreclosure action because she had acquired an interest in the Property through a series of conveyances. [*See* Doc. 15 at 13–17.]

The Bank Defendants argue that (1) Plaintiff lacks standing to allege a claim under the FDCPA, (2) Defendants are not subject to the FDCPA, and, (3) the SCCPC does not apply to the mortgage loan transaction being foreclosed and cannot be alleged against Defendants. [Doc. 26.] The HLF Defendants assert that (1) Plaintiff's FDCPA claims must be dismissed because Plaintiff's Complaint fails to meet the *Iqbal/Twombly* pleadings requirements and (2) Plaintiff's SCCPC claim fails because Plaintiff is not a consumer as defined by the SCCPC. [*Id.*] For the reasons explained below, Plaintiff's FDCPA and SCCPC claims are subject to dismissal.

**Fair Debt Collection Practices Act Claim**

"Congress enacted the FDCPA with the goal of eliminating abusive, deceptive, and unfair debt collection practices." *Clark v. Absolute Collection Serv., Inc.*, 741 F.3d 487, 490 (4th Cir. 2014) (citing 15 U.S.C. § 1692). "To establish an FDCPA claim, a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Boosahda v. Providence Dane LLC*, No. 10-1933, 2012 WL 268345, at *1 n.3 (4th Cir. Jan. 31, 2012) (quoting *Ruggia v. Wash. Mut.*, 719 F.Supp.2d 642, 647 (E.D. Va. 2010)).

---

order, U.S. Bank Trust was substituted for BANA as the party-plaintiff because the mortgage being foreclosed was assigned to U.S. Bank Trust pursuant to an assignment from BANA. [*See* Doc. 15 at 18.]

Defendants move to dismiss, arguing that Plaintiff is not a "consumer" within the meaning of 15 U.S.C. § 1692a(3).  Under the FDCPA, "the term 'consumer' means any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).  The FDCPA further defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily personal, family, or household purposes."  15 U.S.C. § 1692a(5).

Plaintiff has not alleged sufficient facts to show that she is a consumer under the FDCPA and, thus, Plaintiff's FDCPA claim fails.  Plaintiff alleges in her Complaint that Holmes was the sole obligor on the note and mortgage and that Plaintiff is not obligated to pay any debt to Defendants. [Doc. 1 ¶ 26.]  As noted above, Defendants do not seek a deficiency judgment and seek only a judgement of foreclosure.  "The FDCPA's purpose is to protect consumers from debt collectors attempting to collect funds, not attempts to foreclose interests in property."  *Sain v. HSBC Mortg. Services, Inc.*, No. 4:08-2586-TLW-SVH, 2010 WL 2902741, at *3 (D.S.C. July 10, 2010), *report and recommendation adopted by* 2010 WL 2902739 (D.S.C. July 22, 2010); *see also Coburn v. Gonzalez*, 141 F.Supp.3d 1339, 1341–42 (S.D. Fla. 2015) (holding that a plaintiff lacked standing to sue under the FDCPA because she was not a debtor and had not been sued to collect on a debt).  Accordingly, the undersigned recommends that Plaintiff's FDCPA claim be dismissed.[3]

---

[3]Further, "well-established law indicates mortgagees are not debt collectors within the definition of the FDCPA."  *Bartley v. Wells Fargo Bank, NA*, No. 3:14-cv-3814-CMC-SVH, 2015 WL 5158708, at *8 (D.S.C. Sept. 2, 2015) (citing *Carrington v. Indy Mac Mortg. Services*, No. 5:12-cv-1060-JMC, 2013 WL 530050, at *3 (D.S.C. Feb. 8, 2013)).  Thus, the Bank Defendants are not debt collectors under the FDCPA.  Attorneys can be considered debt collectors in certain factual situations under the FDCPA, *see Wilson v. Draper &*

7

**South Carolina Consumer Protection Code Claim**

The SCCPC provides that the court as a matter of law may grant an injunction against a person it finds has engaged in, or is likely to engage in, unconscionable conduct in collecting a debt arising from a "consumer credit transaction." S.C.Code Ann. § 37–5–108(2). The HLF Defendants assert that Plaintiff lacks standing to bring a SCCPC claim because she is not defined as a "consumer" under the SCCPC. [Doc. 15 at 7–8.] The Bank Defendants contend that Plaintiff has failed to state any SCCPC claim as a matter of law because the mortgage loan transaction giving rise to her SCCPC claim is not subject to the SCCPC and because Plaintiff failed to allege that she completed the conditions precedent before filing this action. [Doc. 26-1 at 6–8.] Plaintiff fails to address the SCCPC claim in her responses to Defendants' motions to dismiss.[4] [*See* Docs. 30; 31.] Plaintiff

---

*Goldberg, P.L.L.C.,* 443 F.3d 373 (4th Cir. 2006); however, here, Plaintiff has not pled factual allegations that could plausibly demonstrate that the HLF Defendants were "debt collectors" as defined by the FDCPA, *see, e.g., Moore v. Commonwealth Trs., LLC*, No. 3:09-CV-731, 2010 WL 4272984, at *4 (E.D. Va. Oct. 25, 2010) (finding that because there was no express demand for payment or notice of to whom the debt should be paid in a notice sent to the plaintiff, the "letter did not constitute 'collection activity' nor was the author a 'debt collector' as defined in the FDCPA."); *Blagogee v. Equity Trs., LLC*, No. 1:10-CV-13, 2010 WL 2933963, at *6 (E.D. Va. July 26, 2010) (holding that although the substitute trustee sent notices with the statements "This Communication is From a Debt Collector," and "this is an attempt to collect a debt," the court held that *Wilson* was distinguishable because "the Blagogees never received an express demand for payment, notice of the person to whom their debt should be paid, or a statement indicating that [the trustee] was attempting to collect a debt."). Plaintiff has failed to sufficiently plead that the HLF Defendants were acting as debt collectors attempting to collect a debt under the FDCPA, rather than noticing her regarding the foreclosure. Plaintiff concedes that she has an interest only in the Property and not the debt owed. [Docs. 39 ¶ 13; 40 ¶ 13.] Because Plaintiff has failed to plead the first two elements of a claim under the FDCPA, the Court declines to address whether Defendants' alleged actions constituted a violation under the FDCPA.

[4]Further, the Court notes that Plaintiff does not attempt to re-plead her SCCPC claim in her proposed Amended Complaint. [*See* Doc. 33.]

8

was warned by the Court that failing to respond adequately to Defendants' motions may result in dismissal. [Doc. 28.] Accordingly, the undersigned recommends that Plaintiff's SCCPC claim should be dismissed because Plaintiff has abandoned this claim.

**Motion to Amend the Complaint**

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Fourth Circuit has held that "[a] motion to amend should be denied 'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *See HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)). "Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980); *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 695 (8th Cir. 1981)).

Here, Petitioner seeks to add the following paragraphs to her Complaint:

> 17. Defendant file[d] legal action against the Plaintiff personally which was harassing, and abusive because Plaintiff doesn't owe any to either defendants nor their counsels.
>
> 18. The foreclosure action against the Plaintiff cause[d] harm to her reputation by being filed in courts in her personal name, because the foreclosure action was based upon the payments were in default. And the Plaintiff doesn't have any obligations to the debt.
>
> 19. Plaintiff only has interest in the secured property NOT obligation to pay her mothers' debt. And the Defendant still file[d] foreclosure against Plaintiff in her name directly.

9

> 20. Estate of Millie Lucille Holmes is not listed as defendant in the captioned of the complaint. And the alleged debt is in the Estates' Name.
>
> 21. Each letter sent from the Defendants reference Mini-Miranda statement, purpose of the communication is to collect a debt that the Defendant doesn't owe nor has any contractual obligation to pay.
>
> 22. Defendants used threatening and legal action with all their mail corresponden[ce] in efforts to illegally take her property and to harm her personal reputation.
>
> 23. Defendants used false and misleading representation of the debt by coming after Plaintiff directly instead of legal action which should have been against the Estate of Millie Holmes.
>
> 24. The legal status of the debt is in the name of the Estate of Millie Lucille Holmes NOT the Plaintiff Name but Defendants filed threaten and foreclosure action in the Plaintiff personal name.
>
> . . .
>
> 26. The subject loan was in default at time of any transfer or assignments of the mortgage or not to any of Defendant(s).
>
> 27. Bank of America entity made several automatic phone call to Plaintiff cell phone without express written or verbal consent.

[Doc. 33 ¶¶ 17–27.] Further, Plaintiff seeks to add to the factual allegations that BANA made phone calls to her without her consent [*id.* ¶ 30] and that the correspondence that she received from BANA has "always been in the Name of Estate of Millie Lucil[l]e Holmes" prior to foreclosure action [*id.* ¶ 41]. Finally, Plaintiff seeks to remove her SCCPC claim and add two claims for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). [*Id.* ¶¶ 46–51.]

### *Fair Debt Collection Practices Act*

To the extent Plaintiff seeks to amend her FDCPA claim, for the reasons discussed above, Plaintiff's proposed amendments are futile. As stated, Plaintiff is neither a maker of the note, nor a mortgagor on the mortgage that is being foreclosed. In her proposed Amended Complaint, Plaintiff concedes that she is not obligated to pay any debt or alleged debt to Defendants. Nothing in the foreclosure complaint alleges that Plaintiff is liable for any amount owed for the mortgage loan being foreclosed. Because the Court finds that Plaintiff's proposed amendment of her FDCPA claim would be futile, the Court recommends that Plaintiff's motion to amend be denied on this ground.

### *Telephone Consumer Protection Act*

To the extent Plaintiff seeks to amend her Complaint to allege violations of the TCPA, the undersigned recommends that Plaintiff's motion be granted.[5] "The TCPA is a remedial statute that was passed to protect consumers from unwanted automated telephone calls." *Williams v. Bank of Am., Nat'l Ass'n*, No. 4:14-cv-04809-RBH, 2015 WL 3843251, at *2 (D.S.C. June 19, 2015) (citing *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 271 (3d Cir. 2013)). The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii); *see also Mims v. Arrow Fin. Servs., LLC*, –– U.S. ––––, ––––, 132 S.Ct. 740, 745 (2012).

---

[5]Plaintiff's TCPA allegations are advanced only against BANA. Plaintiff does not allege any TCPA violations against U.S. Bank Trust or the HLF Defendants.

Here, in her proposed Amended Complaint, Plaintiff alleges that "[f]rom March 3, 2015 thru March 11, 2015, Bank of America made 11 phone calls to the Plaintiff cell phone without my express consent in writing or verbally." [Doc. 33-2 ¶ 30.] Although Plaintiff provides a telephone log of incoming calls from an unknown number from March 3 through March 11, 2015 [Doc. 33-2 at 19–21], Plaintiff's proposed Amended Complaint fails to allege that these telephone calls were made using an ATDS, a prerecorded voice, or both, nor does it identify the content of the prerecorded message.  The sole reference in the proposed Amended Complaint to the use of ATDS reads, "Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to call Plaintiff's cell phone." [Doc. 33-2 ¶ 47.] The Court agrees with BANA that such a bare allegation, without more, is insufficient to sustain a TCPA claim.  However, Plaintiff's reply provides an itemization of accounts, alleging  BANA left twelve recorded messages using an ATDS or artificial or prerecorded voices on Plaintiff's cellular phone, and made the calls to collect an alleged debt. [Doc. 39-1 at 2–4.] Accepting Plaintiff's allegations as true, and liberally construing Plaintiff's filings, the undersigned finds that Plaintiff's proposed Amended Complaint and reply together sufficiently plead a plausible claim for relief under the TCPA against BANA.  *See Isgett v. Northstar Location Servs., LLC,* No. 4:14-CV-4810-RBH, 2015 WL 4072094, at *3 (D.S.C. July 2, 2015) (finding "Plaintiff alleges Defendant made several phone calls within a twenty-four hour period, used six different telephone numbers, placed calls from telephone number (678) 784–3682 using an automated dialer, and made the calls to collect an alleged debt. These allegations lend further credence to the inference that Defendant used an ATDS to generate calls to Plaintiff's cell phone."); *see also Hashw v. Dep't Stores Nat. Bank*, 986

F.Supp.2d 1058, 1061 (D. Minn. 2013) (finding that when the plaintiff "pleaded that an ATDS was used to make the calls to his cellular phone," "nothing more [wa]s required to state a claim for relief under the TCPA"); *see also Ott v. Mortgage Investors Corp. of Ohio*, ––– F.Supp.3d –––, 2014 WL 6851964, at *8 (D. Or. 2014) (recognizing that a plaintiff states an adequate TCPA claim if he alleges "the defendant frequently made calls to [the p]laintiff's cell phone using an automatic telephone dialing system" (internal quotation marks and citation omitted)). Accordingly, Plaintiff's motion to amend her Complaint to add two TCPA claims against BANA should be granted.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends (a) the motion to dismiss filed by the HLF Defendants [Doc. 15] be GRANTED; (b) the motion to dismiss filed by the Bank Defendants [Doc. 26] be GRANTED; and (c) the motion to amend the Complaint filed by Plaintiff [Doc. 33] be DENIED to the extent Plaintiff seeks to amend her FDCPA claim and GRANTED to the extent Plaintiff seeks to dismiss her SCCPC claim and to add two TCPA claims against BANA.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

December 14, 2016
Greenville, South Carolina