IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Wanda Gavin, ) | |
| ) | C/A No. 7:16-2082-TMC-JDA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bank of America N.A., Hutchens ) | |
| Law Firm, John B. Kelchner, ) | |
| John S. Kay, Ashley Z. Stanley, ) | |
| U.S. Bank Trust N.A., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Wanda Gavin ("Gavin"), proceeding pro se, filed this action alleging claims pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et. seq., and the South Carolina Consumer Protection Code ("SCCPC"), S.C. Code Ann. § 37-5-108. Defendants Hutchens Law Firm, John S. Kay, John B. Kelchner, and Ashley Z. Stanley (collectively the "HLF Defendants") filed a motion to dismiss. (ECF No. 15). Defendants Bank of America N.A. ("BANA") and U.S. Bank Trust N.A. ("U.S. Bank Trust") (collectively the "Bank Defendants") filed a separate motion to dismiss (ECF No. 26). Plaintiff filed responses to both motions (ECF Nos. 30 and 31), and HLF Defendants and the Bank Defendants filed replies (ECF Nos. 34 and 36). Plaintiff also filed a motion to amend the Complaint. (ECF No. 33). HLF Defendants and the Bank Defendants filed responses to this motion (ECF Nos. 35 and 37), and Plaintiffs filed replies (ECF Nos. 39 and 40). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.

On December 14, 2016, the Magistrate Judge filed a Report and Recommendation ("Report") recommending that the court (1) grant the motion to dismiss filed by the HLF Defendants (ECF No. 15); (2) grant the motion to dismiss filed by the Bank Defendants (ECF No. 26); and (3) deny Plaintiff's motion to amend the complaint (ECF No. 33) to the extent Plaintiff seeks to amend her FDCPA Claim

and grant the motion to the extent Plaintiff seeks to dismiss her SCCPC claim and to add two Telephone Consumer Protection Act ("TCPA") claims against BANA.  On December 29, 2016, Plaintiff timely filed objections to the Report (ECF No. 45).  This matter is now ripe for review.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).  However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Applicable Law**

Rule 15(a) provides in part that leave to amend "shall be freely given when justice so requires."  Fed.R.Civ.P. 15(a).  "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 409 (4th Cir. 2013) (internal citation and quotation marks omitted). The court should deny leave to amend due to futility when the proposed amendment is on its face insufficient to survive a Rule 12(b)(6) motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). *See United States ex. rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)(holding motion to amend pleadings that may be futile is treated as if the opposing party has

moved to dismiss). For a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).

### Discussion

As noted above, in her Report, the Magistrate Judge recommends that the court (1) grant the motion to dismiss filed by the HLF Defendants (ECF No. 15); (2) grant the motion to dismiss filed by the Bank Defendants (ECF No. 26); and (3) deny Plaintiff's motion to amend the complaint (ECF No. 33) *to the extent Plaintiff seeks to amend her FDCPA Claim and grant the motion to the extent Plaintiff seeks to dismiss her SCCPC claim and to add two Telephone Consumer Protection Act ("TCPA") claims against BANA*. (Report at 13) (emphasis added).

In her Objections, Gavin states that she withdraws her claims under the FDCPA and the SCCPC, but she objects to dismissal of her claims under the TCPA. (Objections at 1).[1] The Magistrate Judge, however, recommends that Gavin be allowed to amend her complaint to add claims under the TCPA. (Report at 13) (stating "Plaintiff's motion to amend her Complaint to add two TCPA claims against BANA should be granted."). It appears that Gavin actually is in agreement with the recommendations of the Magistrate Judge.

Based on the foregoing, and after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court adopts the Report (ECF No. 42). Accordingly, it is, therefore, **ORDERED** that the motion to dismiss filed by the HLF Defendants (ECF No.15) is **GRANTED**; the motion to dismiss filed by Defendants BANA and U.S. Bank

---

[1]In her Affidavit attached to her Objections, Gavin states she did not give BANA permission to call her on her cell phone, but BANA called her. (Objections ¶¶ 1, 2, 5, 6). She also states that all the mailings from the Defendants were to Millie Lucille Holmes and not to Wanda Gavin. (Objections ¶ 3). She avers she does not owe any money to the defendants. (Objections ¶ 4).

Trust (ECF No. 26) is **GRANTED**; Plaintiff's motion to amend the Complaint (ECF No. 33) is **DENIED** to the extent Plaintiff seeks to amend her FDCPA claim and **GRANTED** to the extent Plaintiff seeks to dismiss her SCCPC claim and to add two TCPA claims against BANA. Plaintiff is **ORDERED** to file an Amended Complaint alleging only her claims under the TCPA within 15 days of this order.

    **IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 27, 2017

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4